## Case No. 2,365a.

### CAMPBELL v. POPE.

[Hempst. 271.] [1]

Superior Court, D. Arkansas. July, 1835.

DUTY OF CONSTABLE—EFFECT OF LEVY — ACTION ON BOND—EVIDENCE—FORM OF JUDGMENT.

1. On a penal bond with conditions, judgment should be rendered for the penalty, to be discharged by the payment of the damages assessed, and, if not so rendered, must be reversed.

2. If a delivery bond is not taken, property levied on is at the risk of the officer; it is his own so far that he may bring an action to recover it, or for any injury to it, and he is responsible for its forthcoming to answer the execution.

3. A levy on personal property, shown by the officer's return to be of sufficient value to pay the debt, discharges the defendant, and the plaintiff must look to the officer for his money.

4. The value of goods levied on may be shown by parol evidence, as a means of arriving at the amount of damages which the plaintiff has sustained, where the return does not show the value.

Error to Hempstead circuit court.

Before JOHNSON and YELL, Judges.

YELL, Judge. This was an action of debt, brought in the name of the governor, for the use of McWilliams, against John Campbell and others, upon a constable's bond. An execution had been placed in the hands of Campbell, as constable of Ozan township, in favor of McWilliams, against James W. Judkins, for the sum of sixty-one dollars and fifty cents. Upon the execution the constable made a levy on the property of Judkins, on the 8th day of April, 1833; but took no bond for its delivery, on the day of the sale; and returned on the execution, that he had levied on a quantity of household and kitchen furniture, bedding, medicines, and drugs, but not enough to satisfy the execution. He advertised the property to be sold on the 4th of May, 1833, and proceeded to offer the same publicly, and in separate parcels, at which time no person bid or gave any thing for the property. The plaintiff then sued out a venditioni exponas, and placed it in the hands of the constable, upon which he made the following return, namely: "This ven. ex. is returned not satisfied; the property levied on, by virtue of an execution, bearing date the 8th of April, 1833, is not to be found in my bailiwick, and I have not found any other goods or chattels of the defendant whereon to levy the ven. ex.; returned this 27th of June, 1833." Whereupon suit was commenced against Campbell, as constable, and his securities on his official bond, for the amount of the debt. At the May term, 1834, of the Hempstead circuit court, the jury found the following verdict: "We find the assignment of breaches in the plaintiff's declaration mentioned, to be true,

and assess his damage by reason thereof, to the sum of sixty-one dollars and fifty cents."

In the investigation of this subject, it may be necessary to advert to several points in the cause for the purpose of settling some questions that may hereafter arise. The material question is, Was there error in the verdict and rendition of the judgment in the court below? It has been properly contended by the counsel for the plaintiff in error, that the judgment for the plaintiff ought to have been for the full amount of the penalty of the bond, to be discharged by the payment of such damages as the plaintiff had sustained by reason of the breaches assigned; and in support of that position, 1 Saund. 58, note 1, and Ter. Dig. 348, have been cited. By reference to the statute it will be found, that upon any bond "for the payment of money, wherein the plaintiff shall recover, judgment shall be entered for the penalty of such bond, to be discharged by the payment of principal and interest due thereon, and costs of suit and execution shall issue accordingly." Then if this was a bond for money, no possible doubt could exist. But it is a bond with conditions to perform the duties of an office. Will that change the judgment? We believe not. The statute says, "The plaintiff may assign as many breaches as he may think fit, and the jury may assess damages on each of the breaches, and on each verdict the like judgment shall be entered, as heretofore has been usually done in such cases." From the statute and the English authorities, we are satisfied, that in this judgment there is error in form, sufficient to require us to remand the cause for a more perfect judgment.

The court is asked to decide the question, as to the liability of the constable, in not taking a delivery bond for the property on the first execution, and in failing to obtain the property on the return of the venditioni exponas. The statute requires the officer to take bond from the defendant; but if the defendant fails, or refuses to give it, he can only take the property and keep it until the day of sale. It becomes to a certain extent his own. He could, if it was taken out of his possession, bring an action to recover it, or for any injury to it. And further, if an officer levies on property sufficient to pay the debt, and his return shows the fact, it is a payment of the debt by the defendant, and the plaintiff must look to the officer for his money. The officer may take a delivery bond (Ter. Dig. 345); but if he does not, the property is at his own risk: and if it is not forthcoming on the day of sale, he becomes liable, in the nature of special bail, to the plaintiff. If the above principles are true, then the officer would still be responsible for the delivery of the property on the return of the venditioni exponas.

The court refused to permit the defendant, on the inquiry of damages, to give parol evidence of the value of the goods levied on

under the execution, and iu.tructed the jury, that the officer, failing to state the value of the goods levied on, was conclusive evidence that there were goods enough to pay and satisfy the debt, although the officer had returned that they were not sufficient. We believe the court erred in rejecting the evidence to prove the value of the property. That was one means to arrive at the true amount of damages that ought to have been recovered against the officer. Consequently the court erred in instructing the jury, that the officer not returning the value of the property levied on, was conclusive evidence against him, of sufficient value, and that they ought. to find accordingly. Judgment reversed.